IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKIE LEE CLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-00718-KD-N |
| | ) | |
| TRACY BOUCKUEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on plaintiff's motion (doc. 17) to stay this action to allow plaintiff time to "adequately prepare a proper 1983 [Complaint using the Court's form]." A stay of this action would be inappropriate and, consequently, plaintiff's motion to stay is hereby **DENIED**. The Court will, however, grant plaintiff additional time to comply with the Order entered on February 13, 2013 (doc. 16). Accordingly, it is **ORDERED** that plaintiff now file **no later than May 20, 2013**, a second amended complaint on this Court's § 1983 complaint form that corrects the pleading deficiencies noted in the Court's Order dated February 21, 2013 (doc. 16) and states a claim for a violation of his constitutional rights.

As stated previously, plaintiff's second amended complaint will supercede plaintiff's prior complaints (docs. 1,4). Plaintiff, therefore, shall not rely on them. The Clerk is directed to send plaintiff a form for a complaint under § 1983.

Failure to comply with this order within the prescribed time or to notify the Court of a change of address will result in the dismissal of this action without prejudice. And a failure to plead a second amended complaint that complies with Fed.R.Civ.P. 8(a), after being required to replead a complaint, may result in the dismissal of the action under Fed.R.Civ.P. 41(b) for failure to comply with the Court's order. Pelletier v. Zweifel, 921 F.2d 1465, 1522 n. 103 (11th Cir. 1991), *cert. denied*, 502 U.S. 855 (1991).

On January 2, 2013, plaintiff filed a "Petition to Summon a Special Master" (doc. 12) pursuant to § 16.8 of the Prison Litigation Reform Act. Upon consideration of this petition and all pertinent portions of the record, the Court finds that it has previously advised the plaintiff that he is not entitled to appointed counsel because he has not "demonstrated that his case present[s] exceptional circumstances warranting the appointment of counsel." Doc. 10 at 1-2, *citing* Tipps v. Leonard, 2009 WL 1362831, *1 (5th Cir. May 15, 2009); Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). The circumstances warranting the appointment of a Special Master must be even more exceptional than that required for appointment of counsel in a case such as this one. It is, therefore, **ORDERED** that plaintiff's petition (doc. 12) is hereby **DENIED**.

**DONE** this   21st   day of March, 2013.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**